FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| MONIFA MARRERO, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 2008-92 |
| DARLAN BRIN and VIRGIN ISLANDS PORT AUTHORITY, and UNITED INDUSTRIAL, SERVICE, TRANSPORTATION, PROFESSIONAL AND GOVERNMENT WORKERS OF NORTH AMERICA, | ) |
| Defendants. | ) |

APPEARANCES:

**Lee J. Rohn, Esq.**
**Ryan William Greene, Esq.**
St. Croix, U.S.V.I.
  *for the plaintiff,*

**Andrew L. Capdeville, Esq.**
St. Thomas, U.S.V.I.
  *for the defendant Darlan Brin,*

**Henry V. Carr, III, Esq.**
St. Thomas, U.S.V.I.
  *for the defendant Virgin Islands Port Authority,*

**Pedro K. Williams, Esq**
  *for the defendant United Industrial, Service, Transportation, Professional and Government Workers of North America.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are two motions to dismiss by defendant, the United Industrial, Service, Transportation, Professional and

Government Workers of North America (the "Union").[1] The Union's first motion seeks dismissal for plaintiff, Monifa Marrero's ("Marrero") failure to exhaust administrative remedies. Marrero opposes this motion. The Union's second motion seeks dismissal for failure to state a claim upon which relief may be granted. Marrero has not responded to the Union's second motion.

Also before the Court is the motion of the Virgin Islands Port Authority ("VIPA"), to dismiss the complaint. Defendant Darlan Brin ("Brin") joins VIPA's motion. Because Marrero and VIPA have settled all claims between them, and because Brin joined VIPA's motion, the Court will refer to the motion originally filed by VIPA as Brin's motion. In response to Brin's motion to dismiss, Marrero filed a motion to convert the pending motion to one for summary judgment.[2]

---

[1] The Union's motions to dismiss were filed after its answer. As such, the Court will treat the motions as if filed pursuant to Rule 12(c), for judgment on the pleadings. *See, e.g.*, *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) ("because WAPA filed its motion [to dismiss] after it had already filed an answer, the motion must be considered a Rule 12(c) motion"). However, the standard applied in reviewing either type of motion is the same. *See id.* The Union's first motion asserts one of the same grounds for dismissal as VIPA's motion, namely Marrero's failure to exhaust administrative remedies, with regard to her territorial law claims. Because the Court will dispose of Marrero's territorial law claims on other grounds, there is no need to discuss exhaustion of administrative remedies with regard to those claims.

# I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In 1996, while she was in college, Marrero was hired by VIPA on a temporary basis. Marrero was given permanent employee status on January 13, 1998. Thereafter, she was promoted several times, and held various titles including administrative officer, acting public information officer, and administrative and communication assistant.

Beginning from her earliest days as a student employee, and continuing through at least 2004, Marrero alleges that Brin made unwelcome sexual advances toward her.

Marrero alleges that Brin began to retaliate against her because she consistently rebuffed his sexual advances. She alleges that she was denied promotions; paid less than her male colleagues; and denied reimbursement for educational expenses.

Marrero claims the Union refused to represent her in her dispute with VIPA. On May 18, 2004, Marrero sent a letter to Christian Plaskett ("Plaskett"), VIPA's personnel manager, Don Mills ("Mills"), VIPA's legal counsel, and Pamela Richards, then chairman of the board of VIPA. In it, Marrero detailed Brin's harassment and discrimination, and asked that he be removed as her supervisor. On May 20, 2004, Marrero wrote a letter to Brin, in which she copied the Union, asking him to refrain from making sexual comments to her. She also wrote a memo to Brin, Plaskett,

and Mills officially informing them of the history of Brin's behavior and her resulting discomfort.

Following her formal complaints, some of Marrero's job responsibilities were reassigned to other employees. Her duties as public relations officer were assigned to Brin's secretary, and her remaining duties were transferred to other departments. When Marrero took maternity leave in 2004, she was replaced by someone who she claims is being paid more than she was.

Marrero filed an Equal Employment Opportunity Commission ("EEOC") complaint on April 2, 2008, and a Civil Rights complaint on April 11, 2008. She claims she has requested, but has not received, a notice of her right to sue. She claims she has suffered damages as a result of the defendants' behavior including loss of income, lack of promotion, physical and psychological injuries, and medical expenses.

On June 17, 2008, Marrero filed this action. Count one of the complaint alleges a Title VII violation under 42 U.S.C. § 2000e, et seq. Count two alleges a violation of territorial civil rights statutes 10 V.I.C. § 61 et seq. and 24 V.I.C. § 451 et seq. Count three alleges defamation and slander. Count four asserts a claim of detrimental reliance. Count five alleges intentional infliction of emotional distress, and alternatively, negligent infliction of emotional distress. Count six seeks

punitive damages.

The Union's first motion to dismiss argues that Marrero's claim is barred because she has failed to exhaust administrative remedies. Its second motion argues that Marrero has failed to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. Failure to State a Claim

When considering a motion to dismiss pursuant to Rule 12(b)(6), "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id*. at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965).

### III. ANALYSIS

**A.  Count One - Title VII Claim**

After Marrero and VIPA settled, the Court ordered the parties to brief the viability of Marrero's Title VII claim against Brin and the Union. The parties timely complied.

The parties agree that "[c]ongress did not intend to hold individual employees liable under Title VII." *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 184 (3d Cir. 1997). As such, Marrero's Title VII claim against Brin will be dismissed for failure to state a claim upon which relief can be granted.

The Union argues that Marrero's Title VII claim must fail because she has not alleged receipt of an EEOC right to sue letter. Marrero pled only that she filed an EEOC complaint on April 2, 2008, and that at some time she does not specify, she requested a notice of her right to sue. The amended complaint

does not plead that she has received a notice of her right to sue.

A Title VII claimant must receive an EEOC notice of her right to sue before she can file suit. *See* 42 U.S.C. § 2000e-5(f)(1); *McNasby v. Crown Cork Seal Co.*, 888 F.2d 270, 282 (3d Cir. 1989).

After filing a charge with the EEOC, the employee must allow a minimum of 180 days for the EEOC investigation to proceed. *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (citing 42 U.S.C. § 2000e-5(f)(1); *Occidental Life Ins. Co. v. EEOC*, 432 US 355, 361 (1977)).

> If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant, see 42 U.S.C. § 2000e-5(f)(1), generally through the issuance of a "right-to-sue" letter, in which the EEOC states that it sees no reason to take action on the complaint. After 180 days, the complainant on his own may also request a right-to-sue letter. The EEOC must issue the letter promptly on request. See 29 C.F.R. § 1601.28(a)(1). The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII. . . . A complainant may not bring a Title VII suit without having first received a right-to-sue letter.

*Id.* (citations omitted).

Marrero claims that she filed an EEOC complaint on April 2, 2008 and that at some undisclosed time she requested a right to sue letter. (Am. Compl. ¶ 68.) The amended complaint making those claims was filed on August 26, 2008, before the 180 day

period expired. Marrero has not pled that she requested the letter after the expiration of that period, at which time the EEOC would be required to provide the letter. See 29 C.F.R. § 1601.28(a)(1).

Since the commencement of this action, Marrero has not indicated whether or not she has received a right to sue letter. To afford Marrero the opportunity to submit pleadings that would reflect such a change, the Court gave Marrero the opportunity to amend her complaint. While Marrero did amend her complaint, it remains devoid of evidence that Marrero received a right to sue notice. Marrero also has not provided proof that she has requested the letter after the expiration of the 180 day period. The failure to plead receipt of the right to sue notice, or the EEOC's refusal or failure to grant her the notice after the expiration of the 180 day period, is fatal to her claim. *See, e.g.*, *Burgh*, 251 F.3d at 470 ("The receipt of the right-to-sue letter indicates that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII."); *Holder v. Virgin Islands Water & Power Auth.*, Civ. No. 1997-220, 2001 U.S. Dist. LEXIS 15983, at *2-3 (D.V.I. 2001) ("Taking the allegations contained in the complaint as true, and drawing all reasonable inferences in favor of the plaintiff, the complaint fails to state a claim for a violation

of Title VII since he does not allege that he either received a right-to-sue letter from the EEOC or requested a right to sue letter which the EEOC refused or failed to give him."). Accordingly, the Court will dismiss count one.

### B. Count Four - Justifiable Reliance

Marrero's fourth count makes a novel claim. Marrero incorporates the rest of her complaint, including allegations that the Union told Marrero that discrimination complaints were not part of its responsibility. (Am. Compl. 24.) Marrero also claims:

> 81. The Defendant VIPA represented to the Plaintiff that it was investigating the incident and would take suitable actions and as such that the Plaintiff did not need to take any independent action on her own.
> 82. Plaintiff justifiably relied on those representations and did not seek out legal help or bring legal action.
> 83. To the extent that Plaintiff has lost any legal rights as a result of reliance on the Board's representations, the Plaintiff is entitled to damages of what she could have recovered in such legal actions.

(Am. Compl. ¶¶ 81-83.) Marrero does not cite any supporting authority that would indicate she is entitled to relief for this claim.

Marrero seems to blur the distinction between an equitable tolling doctrine and the grounds for affirmative relief. It is true that there can be an equitable exception to time limits set

out in Title VII where the employee justifiably relies on the advice of a government officer. *See Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091-92 (D.C. Cir. 1985) (citations omitted); *accord*, *Reb'll v. Rice*, No. 91-15413, 1992 U.S. App. Lexis 14982, at *5 (9th Cir. 1992) (unpublished opinion).

However, justifiable reliance on an employer's assurances that the employee need not contact the EEOC has been used by other courts only to toll the statute of limitations, not to provide an alternative source of relief. *See, e.g.*, *Reb'll*, 1992 U.S. App. Lexis 14982, at *5 (finding failure to refer the employee to an EEO officer "may estop the government from raising failure to exhaust as a defense"); *Jarrell*, 753 F.2d at 1091-92 (finding plaintiff had a valid excuse for not complying with Title VII's filing requirements because he had relied on assurances of an EEO officer, so equitable tolling applied).

This Court was unable to find a single Title VII case in which a federal court found that justifiable reliance of an employee on representations that she did not need to bring legal action formed the grounds for affirmative relief.

As such, Marrero has failed to state a claim upon which relief can be granted. Accordingly, the Court will grant the motion to dismiss count four.

**C. Counts Two, Three, and Five - Virgin Islands Civil Rights Statutory Violations, Defamation, and Intentional Infliction of Emotional Distress**

Because the Court has dismissed all of Marrero's federal claims, it is within the Court's discretion whether to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. 1367(c); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("it has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). The decision whether or not to exercise supplemental jurisdiction is based upon "a host of factors, [] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims . . . ." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997)(citation omitted). A court should also consider "the values of judicial economy, convenience, fairness, and comity." *Id.* (citation omitted).

This case was filed June 17, 2008. It has been pending for a little over a year. The case has advanced only to the stage of motions to dismiss. With regard to discovery, a moderate amount of information has changed hands. Because the case has not progressed very far, the Court will decline to hear those

territorial claims alone. *See, e.g.*, City *of Pittsburgh Comm'n on Human Rights v. Key Bank USA*, 163 Fed. Appx. 163, 166 (3d Cir. 2006) (unpublished) (explaining that in *Gibbs* "the Supreme Court noted . . . that when federal claims are dismissed at an early stage, the exercise of pendent jurisdiction should be declined . . . ."). Accordingly, the Court will grant the motion to dismiss counts two, three, and five.

### B. Count Six - Punitive Damages

Marrero's sixth count seeks punitive damages. The Court has dismissed all other claims to which a punitive damages claim could attach. Accordingly, the Court will dismiss count six of Marrero's cause of action.

### IV. CONCLUSION

For the reasons stated above, Brin's and the Union's motions to dismiss Marrero's amended complaint will be granted. An appropriate order follows.

S\_____
**Curtis V. Gómez
Chief Judge**