```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

MONIFA MARRERO,                      )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )  Civil No. 2008-92
                                     )
UNITED INDUSTRIAL, SERVICE           )
TRANSPORTATION, PROFESSIONAL AND     )
GOVERNMENT WORKERS OF NORTH          )
AMERICA,                             )
                                     )
          Defendant.                 )
                                     )
```

ATTORNEYS:

**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For the plaintiff.*

**Pedro K. Williams, Esq.**
St. Thomas, U.S.V.I.
    *For the defendant.*

<u>ORDER</u>

GÓMEZ, C.J.

Before the Court is the motion of the defendant, United Industrial, Service Transportation, Professional and Government Workers of North America (the "Union"), to post title to real property in lieu of a supersedeas bond.

## I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On June 17, 2008, Marrero filed this action against Darlan Brin ("Brin"), the Virgin Islands Port Authority ("VIPA"), and

*Marrero v. United Industrial Service Transportation, Professional and Government Workers of North America*,
Civil No. 2008-92
Order
Page 2

the Union.[1] Count one of the complaint alleged a Title VII violation under 42 U.S.C. § 2000e, et seq. against Brin, VIPA, and the Union. Count two alleged a violation of territorial civil rights statutes 10 V.I.C. § 61 *et seq*. and 24 V.I.C. § 451 *et seq*. against Brin, VIPA, and the Union. Count three alleged a breach of the duty of fair representation against the Union. Count four asserted intentional infliction of emotional distress, and alternatively, negligent infliction of emotional distress against Brin, VIPA, and the Union.[2] Count five sought punitive damages.

Thereafter, the Court dismissed Marrero's Title VII and territorial claims against Brin for failure to state a claim. (Mem. Op., Sept. 28, 2009, Dkt. No. 74; Order Sept. 28, 2009, Dkt. No. 73.). Marrero subsequently settled her claims with VIPA. (Stip. of Dismissal, Jan. 26, 2010, Dkt. No. 85.). The remaining defendant was the Union.

Marrero's claims against the Union went to trial on June 14, 2011. Subsequently, the jury returned a verdict in favor of Marrero. Specifically, the jury found that the Union breached its duty of fair representation. It awarded Marrero $50,000 in

---

[1] Marrero filed her initial complaint on June 17, 2008 against Brin and VIPA. She amended her complaint, adding the Union as a defendant, on August 26, 2008.
[2] On June 8, 2011, Marrero filed an informational notice stating that she would not pursue her claim for negligent infliction of emotional distress. (Informational Notice, June 8, 2011, Dkt. No. 161).

Case: 3:08-cv-00092-CVG-RM   Document #: 249   Filed: 07/12/12   Page 3 of 6

*Marrero v. United Industrial Service Transportation, Professional and Government Workers of North America*,
Civil No. 2008-92
Order
Page 3

non-economic damages and $150,000 in economic damages. The jury also found that the Union was not liable for intentional infliction of emotional distress.

The Court remitted the jury's $150,000 award in economic damages to $62,500. It awarded $50,000 in non-economic damages.

The Union has appealed the Court's judgment. It also moved for a stay pending appeal. The Court granted the motion and ordered the Union to post a $250,000 supersedeas bond. The Union now moves to post title to real property in lieu of a cash bond.

"A 'supersedeas' bond is any form of security, whether in the form of cash, property, or surety bond, which a court may require 'of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful.'" *Nicholas v. Wyndham International, Inc.*, Civ. No. 2001-147, 2007 WL 4800132 at *1 (D.V.I. Dec. 21, 2007) (quoting Black's Law Dictionary 1289 (5th ed. 1979)).

Courts in this jurisdiction have permitted the posting of property bonds in lieu of a cash bond. *See, e.g., First Am. Dev. Group v. WESTLB, et al.*, S.Ct. Civ. No. 2012-0023, 2012 WL 1526100 at *5 (D.V.I. April 30, 2012) ("[I]f First American wishes to effectuate the stay of execution of the Superior Court's August 24, 2011 Judgment, it must post a bond counter-

Case: 3:08-cv-00092-CVG-RM Document #: 249 Filed: 07/12/12 Page 4 of 6

Marrero v. United Industrial Service Transportation, Professional and Government Workers of North America,
Civil No. 2008-92
Order
Page 4

signed by a qualified surety or secured by unencumbered property of a value equal to or greater than the bond with the Superior Court in the amount of $74,650,000.") *see also Milligan v. Khodra,* D.C. Civ. App. No.1999-136, 2004 U.S. Dist. LEXIS 28064, at *31, 2004 WL 3383654 (D.V.I. App. Div. Sept. 30, 2004). *But see Patrick v. John Odato Water Serv.*, 767 F. Supp. 107 (D.V.I. 1991)(denying motion to post property as bond "[b]ecause such bond . . . must be posted in a form that would allow for ease of conversion to cash.").

The Union states that "no insurer in the territory has a market for [a $250,000] . . . bond." (Union Mot. Post Title 1). Instead of posting a cash bond, the Union proposes that it will post title to property described as "PART OF REMAINDER OF ESTATE RUST-OP-TWIST, NORTHSIDE QUARTER 'B', St. Croix, U.S. Virgin Islands, consisting of 52.00 U.S. Acre(s) as shown on Drawing No. 4650 dated December 3, 1990 and noted in Subdivision/Register III . . ." (the "Property"). (Union Mot. Post Title Ex. A).

In support of its motion, the Union provides the affidavit of Eugene Irish ("Irish"), the regional Vice President of the Union for the Caribbean. Irish avers that the Union, through its non-profit real estate holding company "UIW-SIU-St. Croix Labor Union Realty Corp.," owns the property. (Irish Aff. ¶

Case: 3:08-cv-00092-CVG-RM   Document #: 249   Filed: 07/12/12   Page 5 of 6

*Marrero v. United Industrial Service Transportation, Professional and Government Workers of North America*,
Civil No. 2008-92
Order
Page 5

2,3). He further avers that the board of directors for UIW-SIU-St. Croix Labor Union Realty Corp. authorized the property to be posted as a supersedeas bond. (Irish Aff. ¶ 4). Irish also states that the board of directors UIW-SIU-St. Croix Labor Union Realty Corp. has resolved not to sell, transfer, or otherwise convey the property until the appeal in this case has been decided.

The property's assessed value is $467,900. (Union Mot. Post Title Ex. B). Further, the property is not encumbered. (Union Mot. Post Title Ex. A).

Based on the foregoing, the Court finds that the property bond adequately secures Marrero's interests and preserves the status quo on appeal.

The premises considered, it is hereby

**ORDERED** that the Union's motion to approve the supersedeas bond is **GRANTED**; it is further

**ORDERED** that the Union shall post title to the property described as "PART OF REMAINDER OF ESTATE RUST-OP-TWIST, NORTHSIDE QUARTER 'B', St. Croix, U.S. Virgin Islands" as surety for the $250,000 supersedeas bond; it is further

*Marrero v. United Industrial Service Transportation, Professional and Government Workers of North America*,
Civil No. 2008-92
Order
Page 6

      **ORDERED** that the Union's motion for stay of execution pending appeal is **GRANTED**; it is further

      **ORDERED** that the execution of the judgment is **STAYED**.

                                        S\_____
                                        **CURTIS V. GÓMEZ**
                                          **Chief Judge**