```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN

MONIFA A. MARRERO,                       )
                                         )
            Plaintiff,                   )
                                         )
            v.                           )    Civil No. 2008-92
                                         )
DARLAN BRIN; VIRGIN ISLANDS PORT         )
AUTHORITY; UNITED INDUSTRIAL, SERVICE,   )
TRANSPORTATION, PROFESSIONAL AND         )
GOVERNMENT WORKERS OF NORTH AMERICA,     )
                                         )
            Defendants.                  )
                                         )
_____)
                                         )
DARLAN BRIN,                             )
                                         )
            Cross-claimant,              )
                                         )
            v.                           )
                                         )
VIRGIN ISLANDS PORT AUTHORITY            )
                                         )
            Cross-claim Defendant.       )
                                         )
_____)
```

ATTORNEYS:

**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates
St. Croix, VI
**Ryan W. Greene, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Andrew L. Capdeville, Esq.**
Law Offices of Andrew L. Capdeville, P.C.
St. Thomas, VI.
    *For the defendant/cross-claimant Darlan Brin,*

**Henry V. Carr, III, Esq.**
V.I. Port Authority
St. Thomas, VI
    *For the defendant/cross-claim defendant the Virgin Islands
    Port Authority,*

**Pedro K. Williams, Esq.**
Law Office of Frazer and Williams
St. Thomas, VI.
> *For the defendant United Industrial, Service, Transportation, Professional and Government Workers of America.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Monifa Marrero entitled "Motion to Rule on Pending Motions." Specifically, Monifa Marrero asks this Court to rule on docket entries ECF No. 215 and ECF No. 216 for attorney's fees and costs, respectively.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2008, Marrero filed this action against Darlan Brin ("Brin"), the Virgin Islands Port Authority ("VIPA"), and the United Industrial Service Transportation, Professional and Government Workers of North America (the "Union"). Count One of the complaint alleged a Title VII violation under 42 U.S.C. § 2000e, et seq. against Brin, VIPA, and the Union. Count Two alleged a violation of territorial civil rights statutes 10 V.I.C. § 61 et seq. and 24 V.I.C. § 451 et seq. against Brin, VIPA, and the Union. Count Three alleged a breach of the duty of fair representation against the Union under Section 301 of the Labor Management Relations Act (the "LMRA"), codified at 29 U.S.C § 185 ("Section 301"). Count Four asserted intentional

infliction of emotional distress, and alternatively, negligent infliction of emotional distress against Brin, VIPA, and the Union. Count Five sought punitive damages.

The Court dismissed Marrero's Title VII and territorial claims against Brin for failure to state a claim. (Mem. Op., Sept. 28, 2009, ECF No. 74; Order Sept. 28, 2009, ECF No. 73.). Marrero subsequently settled her claims with VIPA. (Stip. of Dismissal, Jan. 26, 2010, ECF No. 85.) The only remaining defendant was the Union.

Marrero's claims against the Union went to trial on June 14, 2011. At the close of Marrero's case-in-chief, the Union moved for a directed verdict. The Court took the matter under advisement. At the close of the case, the Union renewed its motion for a directed verdict. The Court granted the Union's motion for a directed verdict as to Counts One and Two. Subsequently, the jury returned a verdict in favor of Marrero on Count Three. Specifically, the jury found that the Union breached its duty of fair representation. It awarded Marrero $50,000 in non-economic damages and $150,000 in economic damages. The jury also found that the Union was not liable for Count Four, intentional infliction of emotional distress.

On December 7, 2011, Marrero applied for an award of attorney's fees. (ECF No. 215.) On December 19, 2011, Marrero filed a motion for a bill of costs. (ECF No. 216.)

The Court remitted the jury's economic damages award from $150,000 to $62,500. It entered judgment on January 13, 2012, in the amount of $50,000 for Marrero's noneconomic damages and $62,500 of economic damages.

On June 28, 2012, this Court entered an order granting in part Marrero's motion for a bill of costs. In the June 28, 2012, Order, the Court awarded Marrero $5,000 in costs.

On July 2, 2013, Marrero filed the instant motion. In it, Marerro asks this Court to rule on the application for an award of attorney's fees and on the motion for a bill of costs. As the Court has already ruled on the motion for a bill of costs, this Order focuses only on the application for an award of attorney's fees.

## II. DISCUSSION

Rule of Civil Procedure 54 ("Rule 54"), states:

(2) Attorney's Fees.

> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

>>(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>>
>>>(i) be filed no later than 14 days after the entry of judgment;
>>>
>>>(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>>>
>>>(iii) state the amount sought or provide a fair estimate of it; and
>>>
>>>(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.
>
>Fed. R. Civ. P. 54(d)(2)

Rule 54 does not permit the award of attorney's fees absent a statute allowing award of such fees. *See Friedman v. Ganassi*, 853 F.2d 207, 209 (3d Cir. 1988)(comparing costs, which Rule 54 directs award of unless a statute specifically disallows such an award, with fees, which Rule 54 does not allow absent a statute authorizing award).

For claims brought in the district courts, a prevailing party may only be awarded attorney's fees where the underlying statute that created the cause of action specifically authorizes the award of attorney's fees. *Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir. 1990)(stating that, despite the existence of a federal rule allowing the award of attorney's fees, that rule was limited only to situations where a federal

statute created the right to attorney's fees); *see Summit Valley Indus. v. Local 112, United Bhd. of Carpenters*, 456 U.S. 717, 721 (1982) ("Under the American Rule it is well established that attorney's fees 'are not ordinarily recoverable in the absence of a statute . . . providing therefor.' ") (quoting *Flieschmann Distilling Corp. v. Maier Brewing Co.*, 396 U.S. 714, 717 (1967)).

### III. ANALYSIS

Where a plaintiff is successful on claims brought under federal law, federal law and procedure govern the award of attorney's fees. *See, e.g.*, *Ocean Barge Transp. Co. v. Hess Oil V.I. Corp.*, 598 F. Supp. 45, 47, 21 V.I. 87 (D.V.I. 1984) (stating that attorney's fees for matters grounded in federal law will be decided by federal law regarding fee shifting). Federal law allows the recovery of attorney's fees only where the statute underlying the cause of action permits the award of such fees. *Tanker Mgmt., Inc.*, 918 F.2d at 1527. As the only claim on which Marrero prevailed was Marrero's Section 301 federal claim, Section 301 governs this analysis.

Section 301 of the LMRA does not authorize fee shifting. *See Ames v. Westinghouse Elec. Corp.*, 864 F.2d 289, 293 (stating that "no statute authorizes fee shifting in section 301 cases.") As such, attorney's fees are generally only available in actions

brought pursuant to Section 301 of the LMRA where a party has acted in bad faith or without justification. *See Perichak v. Intl. Union of Elec. Radio & Mach. Workers, Local 601*, 715 F.2d 78, 83-84 (3d Cir. 1983)(conducting a "bad faith" analysis of a Section 301 claim for attorney's fees because the statute does not authorize fee shifting). The party requesting attorney's fees has the burden of showing that the other party litigated in bad faith. *See id.* (discussing the burden-shifting framework where attorney's fees are sought for litigation in bad faith).

"Whatever the parameters of the 'bad faith' exception, fees should be awarded under its authority only in extraordinary circumstances and for dominating reasons of justice." *Cordeco Dev. Corp. v. Santiago Vasquez*, 539 F.2d 256, 263 (1st Cir.), *cert. denied*, 429 U.S. 978 (1976)(citing *Fleischmann Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967)). "Invocation of the bad faith exception to the normal federal rule that attorney's fees may not be recovered requires more than a showing of a weak or legally inadequate case." *Randolph Eng'g Co. v. Fredenhagen Kommandit-Gesellschaft*, 476 F. Supp. 1355, 1361 (W.D. Pa. 1979)(citing *Americana Industries, Inc. v. Wometco de Puerto Rico, Inc.*, 556 F.2d 625 (1st Cir. 1977)). Bad

faith requires a showing that a party litigated in "bad faith, vexatiously, or for oppressive reasons." *Mobil Oil Corp. v. Indep. Oil Workers Union*, 679 F.2d 299, 305 (3d Cir. 1982) (citing *Straub v. Vaisman & Co.*, 540 F.2d 591, 600 (3d Cir. 1976)).

Indeed, bad faith has only been found in extraordinary circumstances, such as where the plaintiff brought a case that lacked any evidentiary support at all (after three years of discovery) and at trial made material false statements under oath. *Perichak*, 715 F.2d at 83-84; *see also McCandless v. Great Atlantic & Pac. Tea Co.*, 697 F.2d 198, 201 (finding bad faith where a party asserted claims entirely without merit and unsupported by fact or law).

Marrero has not alleged, nor can the Court find anywhere on the record, any evidence of behavior so extraordinary that the bad faith exception is implicated. Although the Court did find in favor of Marrero, the defenses presented were not illegitimate or frivolous. As such, Marrero has adduced no evidence that the Union engaged in this litigation in "bad faith, vexatiously, or for oppressive reasons." *Mobil Oil Corp.*, 679 F.2d at 305.

*Marrero v. Brin, et al.*
Civil No. 2008-92
Order
Page 9

The premises considered, it is hereby

**ORDERED** that Marrero's application for attorney's fees is **DENIED**; and it is further

**ORDERED** that Marrero's motion for a ruling on Marrero's motion for a bill of costs is **MOOT**.

 

                                                S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**